## MURPHY, Estate of, In re.

Ohio Appeals, Second District, Franklin County.

No. 4352.   Decided March 1, 1950.

Walter R. Snyder, Owen B. Sherwood, Columbus, for appellant.

Fred W. Postle, H. E. Peters, Columbus, for the Estate of Dellot H. Murphy, Deceased.

## OPINION

By WISEMAN, J.

This is an appeal on questions of law from the judgment of the Probate Court of Franklin County, Ohio. This matter was presented to a Judge of the Common Pleas Court acting as Probate Judge.

The decedent, Dellot H. Murphy, died testate in June, 1947. The widow, Gladys Murphy, was duly appointed executrix of said estate. In March, 1948, the executrix filed an account showing the payment of certain claims against the estate and resigned as such executrix. On March 31, 1948, Fred W. Postle was appointed as administrator de bonis non with the will annexed. The administrator immediately filed an action to sell the real estate to pay debts. In the inventory filed in the estate the real estate was appraised at $6000.00. In the land sale proceeding the original appraisement was not adopted and the Court ordered a new appraisement, the value returned being $4750.00. The widow purchased the real estate at private sale at the appraisement. The sale was confirmed and the proceeds distributed.

After the land sale proceeding was completed the administrator filed an application for an order declaring the estate to be insolvent. Apparently the application was drawn to conform to the provisions of former §10509-130 GC. This section was repealed August 22, 1941, for the reason that it served no useful purpose in the administration of an insolvent estate. On the same date §10509-127 GC, and other related sections were amended. This section in part provides:

"If it appears at any time that the estate is insolvent, the executor or administrator may report that fact to the court and apply for any order that he deems necessary in connection therewith."

This provision is permissive and contemplates an ex parte hearing. At present there is no section in the Probate Code which provides for filing a proceeding to declare an estate insolvent. While the application filed in this case was for the purpose of securing an order declaring the estate insolvent, a procedure prescribed by former §10509-130 GC, nevertheless, it may be regarded as a report of insolvency and an application under the provisions of §10509-127 GC. It will be observed that under the latter section the executor or administrator simply reports the fact of insolvency and applies "for any order that he deems necessary in connection therewith." The authority of the Probate Court under this provision is limited to giving instruction to the executor or administrator in the distribution of the proceeds of the estate in view of the insolvency. The executor or administrator is required to distribute the assets of the estate to creditors in the order of priority provided in §§10509-121 and 10509-122 GC. In view of the provisions of these two sections, in a hearing on the application which is ex parte in character, the court could inquire whether the report of insolvency was correct, and instruct the administrator in what manner and to whom the assets should be distributed, but was without authority to do more.

The appellant is a creditor whose claim was reduced to judgment and was served with notice of the pendency of the application. The appellant filed a motion to dismiss the application, raising certain issues which could not be determined in a hearing on such application or on the motion. The motion requested the trial court: First, to dismiss the representation of insolvency; second, for an order setting aside the confirmation of the land sale; third, for an order setting aside the appraisal in the land sale proceeding; fourth, for an order requiring the administrator to account for the former appraised value of the real estate made in the administration proceeding; fifth, for an order setting aside the homestead exemption and an allowance of dower in the distribution order in the land sale proceedings; sixth, for an order requiring the administrator to account for all of the assets in said estate; seventh, for an order requiring the administrator to reject the claim of Mildred Bagby; eighth, for an order requiring the administrator to pay all claims falling within the same class on a pro rata basis; and, ninth, for an order requiring the administrator to account for moneys held by the decedent and the widow in a joint and survivorship bank account.

The administrator de bonis non was served with a notice

of the hearing on the motion. Neither the widow nor Mildred Bagby was served with a notice of the hearing on either the application or the motion.

The trial court overruled the first, second, third, fourth, fifth, sixth and ninth branches of said motion and sustained the seventh and eighth branches. The seven assignments of error are directed to the order of the court overruling the several branches of the motion.

The court very properly overruled the first branch of the motion. The application was properly filed as a report of insolvency and if the court found the estate to be insolvent the court could make an order which it deemed proper under the provisions. of §10509-127 GC.

The second, third, fourth and fifth branches of the motion relate to orders made in the land sale proceeding. The regularity and validity of the land sale proceeding could not be challenged in a hearing on such application. However, the record submitted to this Court shows no authority for allowance of dower in the distribution order in the land sale proceeding, as vested dower has been abolished in Ohio, with certain exceptions which are not shown to exist in this case. If the appellant takes the appropriate steps in the land sale proceeding these matters may be determined by the Probate Court. The Court properly overruled the second, third, fourth and fifth branches of the motion.

On the sixth branch of the motion the Court took testimony to determine the ownership of office furniture and accounts receivable which were listed in the inventory and appraised at $100.00 and $583.00, respectively. The Court found that the office furniture and accounts receivable were not owned by the decedent but belonged to the widow, and overruled the motion of appellant to require the administrator to account for said assets. The inventory was approved by the Court, no objections being filed thereto. The accounts receivable were set off to the widow under §10509-54 GC. Later the widow elected to take the office furniture at the appraised value under §10509-89 GC. This proceeding does not challenge the correctness or validity of the inventory, or the Court's approval thereof, nor the order made on the election of the widow to take the office furniture at the appraised value. So long as the office furniture and accounts receivable remained in the inventory as assets of said estate the administrator should be required to account therefor. There is evidence tending to prove that the office furniture and the accounts receivable did not belong to the decedent and were owned by the widow, but an adjudication as to the ownership of

such property cannot be made in this proceeding. This question can be raised in an appropriate proceeding brought for that purpose. On the record as it now stands the motion of the appellant to require the administrator to account for the office furniture as estate assets should have been sustained. The administrator is not required to account for property selected under §10509-54 GC.

On the issue raised by the seventh branch of the motion the Court took testimony to determine whether the claim of Mildred Bagby was a valid claim against the estate. The Court disallowed the claim and sustained the seventh branch of the motion. The Court was without authority in this proceeding to hear and determine the validity of the claim. No notice was served on Mildred Bagby, and the judgment of the Court was not binding on her for still another reason. The claim had been presented to the fiduciary and had been allowed and was so listed on the schedule of debts. After a claim has been allowed by the executor or administrator and a creditor or an heir desires to have the claim disallowed it may be done by requisition under §§10509-135 and 10509-136 GC. The appellant being upheld on this branch of the motion has assigned no error in respect thereto, and the administrator has not filed a cross-appeal. However, the action of the Court on this matter is a nullity and may be corrected by taking the appropriate action in the trial court.

The Court very properly sustained the eighth branch of the motion requiring the administrator to pay all claims falling within the same class on a pro rata basis. This order conforms to the provisions of §10509-122 GC.

On the ninth branch of the motion the Court took testimony to determine the ownership of joint and survivorship bank accounts held in the name of the decedent and his wife. The Court found that the bank accounts, upon the death of the decedent, passed to the widow by virtue of the joint and survivorship contract. While we find no fault with the conclusion of the trial court in holding that the bank accounts belonged to the widow, nevertheless, the Court was without authority to determine the question of ownership in this proceeding. This branch of the motion was properly overruled but the finding of the Court did not amount to an adjudication on the question of ownership. Evidence as to the ownership of such property was properly admitted in determining whether the estate was solvent or insolvent, but for no other purpose. The action of the Court in so far as it attempts to adjudicate the question of ownership of said bank accounts is a nullity and may be corrected by the Pro-

bate Court if the appropriate proceedings are instituted for that purpose.

We hold that the Court was without authority to pass on certain issues raised by the motion. While it is true that under §10501-53 GC, the Probate Court has "plenary power at law and in equity fully to dispose of any matter properly before the court," etc., it will be observed that a necessary prerequisite to the exercise of such plenary power is that the matter at issue be properly before the Court. Neither the ownership of the office furniture, accounts receivable and the bank accounts, nor the allowance or disallowance of the claim of Mildred Bagby, were matters properly before the Court.

Since all the assignments of error are directed to the judgment of the trial court in overruling the first, second, third, fourth, fifth, sixth and ninth branches of the motion, we find no assignment of error well made, except as to the sixth branch of the motion.

The judgment entry of this Court should show: That the judgment of the trial court in overruling the first branch of the motion is affirmed; that the judgment of the trial court in overruling the second, third, fourth and fifth branches of the motion is affirmed on the ground that the Court in this proceeding was without authority to adjudicate the issues raised therein with respect to the land sale proceeding and the affirmance in no manner shall be considered as an adjudication of such issues; that the judgment of the trial court in overruling the sixth branch of the motion is reversed, as the administrator should be required to account for the office furniture as assets of said estate so long as such property remains in the inventory; that the judgment of the trial court in sustaining the seventh branch of the motion is disaffirmed, but in the absence of a cross-appeal we cannot reverse, and that the finding of the trial court in disallowing the claim of Mildred Bagby is a nullity; that the judgment of the trial court in sustaining the eighth branch of the motion is affirmed; that the judgment of the trial court in overruling the ninth branch of the motion is affirmed, but the affirmance is not to be considered as an adjudication of the matters raised on the ground that the Court was without authority in this proceeding to determine the question of ownership of the bank accounts and that the action of the Court in attempting to adjudicate this question is a nullity.

So ordered.

MILLER, PJ, and HORNBECK, J, concur.